Laborda *v*. Markel et al., Appellants.

Argued October 2, 1968; reargued March 20, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*B. Earnest Long,* with him *Robinson, Fisher & Long,* for appellants.

*Christ C. Walthour, Jr.,* with him *Kunkel, Walthour and Garland,* for defendant, Roby, appellee.

*Charles H. Loughran,* with him *Loughran & Loughran,* for plaintiffs, appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

One Alfred W. Roby arranged to have Interstate Auto Shippers, Inc. transport his 1961 Volkswagen Sedan from New York to Gahanna, Ohio, his place of residence. Interstate then arranged to have the delivery made by Frank J. Trun under written contract with Trun whereby Trun was to make delivery as an independent contractor.

While the Volkswagen was being driven in North Huntingdon Township, Pennsylvania, on the Pennsylvania Turnpike, on February 20, 1963, a collision occurred between it and a tractor-trailer operated by Elwood E. Markel. Markel owned the 1957 Mack tractor and Kuhn Transportation Company, Inc. owned the trailer.

At the time of the collision the Volkswagen was being driven by one Cornelius Jones with Trun and Jose Ramon Morales as passengers therein. Trun and Morales were killed. Their administrators thereupon instituted suit against Cornelius Jones, the driver of the Volkswagen, and against Alfred W. Roby, owner of the Volkswagen, Elwood E. Markel, owner and operator of the tractor, and Kuhn Transportation Company, Inc., owner of the trailer. A default judgment as to liability was entered against Jones for failure to file an answer or appearance. After trial, the jury returned verdicts in favor of the Estate of Jose Ramon Morales in the amounts of $17,403.65 in the Wrongful Death Action and $6,000.00 in the Survival Action and in favor of the Estate of Frank Trun in the amounts of $22,980.34 in the Wrongful Death Action and $6,000.00 in the Survival Action. The verdicts were against all the defendants except Alfred W. Roby, owner of the Volkswagen.

Markel and Kuhn Transportation Company, Inc. filed motions for new trial and for judgment n.o.v. which were refused by the court en banc. These appeals followed the entry of judgments on the verdicts of the jury.

Appellants Markel and Kuhn claim that their motions for judgment n.o.v. should have been granted since the evidence was not legally sufficient to establish that Markel was guilty of negligence which was the proximate cause of the deaths. The evidence discloses that the Turnpike was snow and ice covered at the time and place of the accident. The Volkswagen and the tractor-trailer were both proceeding westbound on the Turnpike. The Volkswagen passed the tractor-trailer at the brow of a hill and both vehicles then proceeded down grade from the point of the pass, with the Volkswagen in the passing lane and the tractor-trailer

in the berm lane.  The automobile was some 35 to 40 feet ahead of the truck and the distance and lane positions were maintained for approximately ½ mile with both vehicles travelling at approximately 35 miles per hour.  Jones then apparently lost control of the Volkswagen and it struck the medial barrier, caromed to its right into and across the lane of traffic occupied by the truck, struck the embankment on the right-hand side of the road and bounced back into Markel's lane of travel.  Markel, after attempting to stop only to have his rig begin to jackknife, attempted to move to his left to get around the automobile.  His attempt was unsuccessful, resulting in the tragedy which forms the basis for these lawsuits.

Appellees contend that Markel was negligent in not having his rig under such control as to bring it to a safe stop in the assured clear distance ahead.  The trial court charged the jury on the assured clear distance rule, which rule appellants contend is inapplicable to the instant facts.  In *Fleischman v. Reading*, 388 Pa. 183, 185, 186, 130 A. 2d 429 (1957), we said: " 'Assured clear distance ahead' means only what it says: a clear distance that is assured, that is, one that can reasonably be depended on.  The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him.  *Assured* does not mean *guaranteed.*" (Emphasis in original). We may paraphrase the language of *Fleischman* as follows: "In the case at bar, [Markel] did have an assured clear distance ahead of him even when he saw [the Volkswagen 35 to 40 feet ahead of him in the lane of traffic to his left].  It was only when the [Volkswagen] moved into [Markel's] path of travel, that the assured clear distance became un-as-

sured. By this time, however, fate's course had been shaped beyond man's alteration."

Appellees further contend that, in view of the condition of the highway, Markel should have allowed the distance between the vehicles to increase and should have anticipated the possibility of a skid. It must be borne in mind that the vehicles were not in the same lane of travel. We believe that maintenance of the relative positions of the vehicles is not an indication of negligence by Markel, particularly where, as here, there is no evidence that Markel was attempting to hamper Jones' passing movement or had increased his speed. Moreover, despite the fact that the highway was snow covered, there is no evidence that either vehicle was hampered by lack of traction before the accident. Markel's testimony was that his vehicle's drive wheels were equipped with lug type mud and snow tires and that he had experienced no traction problems. In any event there was sufficient traction for both vehicles to reach the top of a hill and start down the other side, the automobile passing the truck in the process.

Nor can we subscribe to appellees' argument that Markel was negligent in failing to use the tire chains which were aboard his vehicle. There is nothing in the record of these cases which would permit a finding that the absence of tire chains on the truck contributed in any way to the happening of the accident. A jury could so find only by guess and conjecture.

We conclude that the evidence is insufficient to find appellants negligent and that the court below erred in refusing judgment n.o.v. Since we so conclude, we need not consider any of appellants' other allegations of error.

Judgments reversed and here entered for appellants Elwood E. Markel and Kuhn Transportation Company, Inc., *non obstante veredicto.*

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I dissent from the action of the Majority in entering judgment n.o.v. In my view, the evidence was sufficient to render the question of negligence on the part of Markel, the operator of the tractor-trailer, a jury question.

Despite the admittedly dangerous condition existing on the highway at the time, Markel tailgated the Volkswagen from 35 feet to the rear for a distance of one-half mile before the accident occurred. His vehicle, weighing 50,000 lbs. (including the load) was not using chains, although the same were carried as part of its equipment. Significantly also, Markel's vehicle did not come to a stop until it had traveled 400 feet beyond the point of the collision. The fact that the operator of the Volkswagen may also have been guilty of careless driving does not rule out Markel's negligence.

However, I do agree with the Majority that the trial court erred in its charge to the jury in respect to the "assured clear distance" rule. I would, therefore, order a new trial.

Mr. Justice JONES and Mr. Justice COHEN join in this dissenting opinion.